UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NEAL PERRON,
    Plaintiff,

v.                                               3:18-cv-340-WWE

ESTUARY TRANSIT DISTRICT,
    Defendant.

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Neal Perron brought this action against defendant Estuary Transit District, alleging that his termination violated 6 U.S.C. § 1142(a) and (b)(2); plaintiff also asserts a state law claim, alleging retaliation for exercise of his right to freedom of expression. Defendant has moved to dismiss all counts for failure to state a claim. Plaintiff does not oppose dismissal of the alleged violation of Section 1142(a). For the following reasons, defendant's motion to dismiss will be granted.

**BACKGROUND**

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

Plaintiff is a resident of Connecticut. Defendant is a political subdivision of the state of Connecticut, and a "public transportation agency" as that term is defined in 29 C.F.R. § 1982.101.

In December 2015, plaintiff began work for defendant as a bus driver. On June 10, 2017, plaintiff reviewed the Driver Vehicle Inspection Report ("DVIR") for the bus that he was assigned to drive. Plaintiff alleges that DVIRs are required to be completed by drivers before and after the operation of their motor vehicle each day

1

pursuant to defendant's policy as well as federal regulation, 49 CFR § 396.11(a)(3), which prohibits the operation of a vehicle unless any such defect or deficiency has been repaired and is certified as repaired or not requiring repair.

Plaintiff noted that the driver had indicated that a nail was lodged in one of the tires on the bus. He alleges that the tire had not been repaired, and that the DVIR did not certify that the condition had been repaired or that repair was unnecessary. Plaintiff was concerned that the bus posed an unseen and hazardous condition and that its operation would present an imminent danger of death or serious injury.

Plaintiff informed a dispatcher that he would not operate the bus because the issue identified on the DVIR had not been repaired and the bus would present an imminent danger. The dispatcher responded that no other buses were available for him to operate. Plaintiff ultimately agreed to operate the bus.

On June 14, 2017, plaintiff sent a letter to another of defendant's dispatchers, explaining that he was refusing to operate any bus due to defendant's practice of failing to perform necessary repairs and its failure to provide the certification required by the federal regulation. He informed defendant that he was not quitting, leaving or resigning, but that he was declining to operate any bus due to defendant's noncompliance with 49 CFR § 396.11(a)(3), and due to his fear that defendant's buses were unsafe. He indicated that he would return to work once the issue was resolved.

On June 19, 2017, plaintiff called defendant's Operations Manager, and asked her whether defendant had addressed the issues he identified in his letter. The Operations Manager responded that defendant was still looking into the situation, but

that plaintiff was on the schedule for the following day.   Later that day, on a phone call with the Operations Manager, plaintiff learned that defendant had investigated his concern, concluded that it was not valid, and was treating plaintiff as having resigned from his employment.

## **DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."   Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).   When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.   Hishon v. King, 467 U.S. 69, 73 (1984).   The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### Count One

In Count One, plaintiff alleges that defendant terminated his employment, in violation of 6 U.S.C. § 1142(a)(1) and (2), because he refused to drive defendant's buses due to his concern that defendant failed to comply with federal regulation, 49 CFR § 396.11(a)(3).

Section 1142(a)(1) prohibits a public transportation agency or contractor from

discriminating against an employee based on the "employee's lawful, good faith act done, or perceived by the employer to have been done or about to be done - (1) to provide information, directly cause information to be provided, or otherwise directly assist in any investigation regarding any conduct which the employee reasonably believes constitutes a violation of any Federal law, rule, or regulation relating to public transportation safety or security, or fraud, waste, or abuse of Federal grants or other public funds intended to be used for public transportation safety or security, if the information or assistance is provided to or an investigation stemming from the provided information is conducted by … a person with supervisory authority over the employee or such other person who has the authority to investigate, discover, or terminate the misconduct." Section 1142(a)(2) prohibits discrimination against an employee who "refuses to violate or assist in violation of any Federal law, rule or regulation relating to public transportation safety or security."

Defendant maintains that this claim should be dismissed because the regulation allegedly violated applies to commercial motor vehicles engaged in interstate commerce. See 49 CFR § 390.3. Plaintiff's allegations assert that defendant operates within the state of Connecticut. Plaintiff concedes that this count should be dismissed.

Count Two

In Count Two, plaintiff alleges that he was terminated in violation of Section 1142(b)(2), which prohibits discrimination against an employee "for reporting a hazardous safety or security condition" and for "refusing to work when confronted by a

4

hazardous safety or security condition related to the performance of the employee's duties," if the following circumstances are met: "(A) the refusal is made in good faith and no reasonable alternative to the refusal is available to the employee; (B) a reasonable individual in the circumstances then confronting the employee would conclude that - (i) the hazardous condition presents an imminent danger of death or serious injury; and (ii) the urgency of the situation does not allow sufficient time to eliminate the danger without such refusal."   In this instance, plaintiff's refusal to work hinges upon his claim that defendant was generally out of compliance with the federal regulation § 396.11, and that it had a practice of not repairing its buses.   However, plaintiff has conceded that § 396.11 is not applicable to defendant, and his complaint does not allege that a specific condition caused him imminent danger when he notified defendant of his refusal to work on June 14, 2017.   Accordingly, the Court finds that plaintiff has not alleged a plausible claim of a Section 1142(b)(2) violation.   Count Two will be dismissed.

State Law Claim of Retaliation

Plaintiff alleges that defendant violated Connecticut General Statutes § 31-51q, when it retaliated against him based on exercise of his right to freedom of expression. The Court will decline to exercise supplemental jurisdiction over this remaining state law.   A state court is the appropriate forum for consideration of whether plaintiff should prevail on his assertion of retaliation in violation of Section 31-51q.   See Perez-Dickson v. Bridgeport Bd. of Educ., 2017 WL 362771, at *3 (2d Cir. Jan. 24, 2017).   Count Three will be dismissed without prejudice.

5

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Counts One and Two are DISMISSED with prejudice. The Court declines to exercise supplemental jurisdiction over the state law claim. Accordingly, Count Three is DISMISSED without prejudice. The clerk is instructed to close this case.

Dated this 8th day of November 2018, at Bridgeport, Connecticut.

/s/Warren W. Eginton_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE